**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TONTRENCE COLISTA BRAXTON,**

    **Plaintiff,**

vs.                                                   **Case No. 4:04cv341-RH/WCS**

**CLAYTON C. FALLIS,**

    **Defendant.**

    _____/

**O R D E R**

Defendant has filed a motion for summary judgment, doc. 27, and a supporting memorandum of law and statement of undisputed facts. Doc. 28. The *pro se* Plaintiff has already filed a response in opposition to Defendant's motion, doc. 29, and an amended response, doc. 30. Plaintiff has not, however, been given instruction as to her obligations under FED. R. CIV. P. 56 and, thus, this order is entered to advise Plaintiff of her burden in opposing summary judgment.

Additionally, this order clarifies for both parties that the filing of the summary judgment motion, doc. 27, does not relieve the parties of their responsibilities to confer and file the Rule 26 report as directed in the Initial Scheduling Order, doc. 26. Absent a request by the parties for a different discovery period in the Rule 26 report, the due date for conducting discovery shall be no later than **September 6, 2005**. The deadline for

the parties to meet is **June 6, 2005**, and they must file the joint report required under FED. R. CIV. P. 26 no later than **June 20, 2005**.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  A Defendant need only show that "there is an absence of evidence to support the nonmoving party's case or by showing that the nonmoving party will be unable to prove its case at trial."  Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).  However, in opposition to summary judgment, a plaintiff must "present evidence from which a jury might return a verdict in [her] favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).  Put another way, Plaintiff has the burden of coming forward with evidentiary material demonstrating a genuine issue of fact for trial.  "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case."  Hickson Corp. v. Northern Crossarm Co., Inc..357 F.3d 1256, 1259 (11th Cir. 2004).  Furthermore, a factual issue "is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' "  Western Group Nurseries, Inc. v. Ergas, 167 F.3d 1354, 1361 (11th Cir. 1999), *citing* Anderson, 477 U.S. at 248, 106 S.Ct. at 2510.  Thus, Plaintiff should be aware that "the mere existence of some alleged factual dispute between the parties will not defeat" a summary judgment motion; there must be a "genuine issue of material fact."  Anderson, 477 U.S. at 247-248, 106 S.Ct. at 2510.

Plaintiff may not rely upon the "mere allegation or denials" in the pleadings in opposing summary judgment. Anderson, 477 U.S. at 256, 105 106 S.Ct. at 2514. Rather, to withstand Defendant's summary judgment motion, and because Plaintiff bears the "ultimate burden of proof at trial," Plaintiff must "come forward with evidence sufficient to withstand a directed verdict motion." Hickson Corp., 357 F.3d at 1260. Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e).

Plaintiff has filed a reply in opposition to Defendant's motion for summary judgment, but Plaintiff has not submitted any Rule 56 evidence. Plaintiff may stand on the response already filed, doc. 30,[1] or Plaintiff may file another amended response in opposition. The choice is hers, but the deadline for filing the response is **July 6, 2005**.

The parties are advised that the Court will take the motion for summary judgment under advisement on **July 6, 2005**, and will enter a report and recommendation on or after that date.[2] Plaintiff must file all argument and evidence in opposition to summary judgment, or seek additional time to do so, before that date.

---

[1] The amended response, doc. 30, mooted Plaintiff's first response, doc. 29.

[2] Any delay in entry of a report and recommendation after that date will be due to the volume of other pending cases ready for adjudication earlier than this case.

Accordingly, it is **ORDERED**:

1.  Defendant's motion for summary judgment, doc. 27, will be taken under advisement on **July 6, 2005**.  A report and recommendation will be entered on or after that date, and any additional material in support of, or in opposition to, summary judgment must be filed before that date.

2.  The Clerk shall return this file to the undersigned upon the parties' filing of their Rule 26 report, or no later than **June 20, 2005**.

**DONE AND ORDERED** on June 2, 2005.


s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**